NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEBASTIAN SAQUIC, | No. 19-70744 |
| Petitioner, | Agency No. A094-371-165 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2022**

Before:     SILVERMAN, KOH, and SANCHEZ, Circuit Judges.

Sebastian Saquic, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id.* at 1241. We deny the petition for review.

Saquic does not challenge the agency's denial of his asylum application as untimely. Thus, the BIA did not err in concluding that he is ineligible for humanitarian asylum. 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.13(b)(1)(iii), (c)(1).

The agency did not err in concluding that Saquic did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'") (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *Ramos-Lopez v. Holder,* 563 F.3d 855, 861-862 (9th Cir. 2009) (concluding that young Honduran men who resisted gang recruitment failed the particularity requirement and lacked

the requisite social visibility), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc).[1] Saquic otherwise failed to establish he was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Saquic's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT protection because Saquic failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

[1] Saquic does not raise, and has therefore waived, any challenge to the BIA's determination that he failed to preserve or exhaust any claim that he was or would be persecuted on account of his political opinion, Quiche ethnicity, or membership in a particular social group consisting of vulnerable people who receive little to no protection from the government. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). To the extent that Saquic raises contentions concerning the merits of those claims, we lack jurisdiction to consider them. *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (mandating the exhaustion of administrative remedies as a prerequisite to jurisdiction).

19-70744